[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Nancy Samler, and the defendant intermarried at Saratoga Springs, New York on October 5, 1991. The plaintiff has been a resident of the State of Connecticut for at least 12 months prior to the return date of this complaint. The plaintiff and the CT Page 9170 defendant have only two minor children issue of their marriage, Mary Massaro, born March 29, 1994, and Scott Massaro, born March 29, 1994. Neither the State of Connecticut nor any town in said state is contributing to the support or maintenance of either of the parties or children to the extent that requires their intervention in this matter.
Based upon the relevant, credible and admissible evidence herein and the inferences "therefrom, and taking into account the statutory scheme enacted outlining the entry of orders of equitable distribution and alimony, the following constitute the conclusions of fact and law in connection with this matter.
There have been problems almost through the entirety of this marriage. They initially related around efforts of the parties to have children and the inability of the plaintiff to conceive, and about money matters. It appears that the defendant has never been fully employed but has worked a succession of different endeavors none of which have been overly remunerative to the point where he was able to adequately support his family. His father has supplemented the family income with money transfers over a long period of time. Arguments ensued over the years and the parties from time to time became somewhat physical with each other, although this court concludes it never escalated to a point that could be accurately described as domestic violence.
Accelerating and/or intensifying the underlying unhappiness of the parties was the birth to them in 1994 of the twin children. The minor child, Mary, suffers from severe autism from which this court concludes that she will never recover. The minor child, Scott, suffers from Cerebral Palsy and has significant physical and mental developmental problems. The mother has been the primary caretaker over the years of these two children. The defendant-father has never accepted the seriousness nor the permanence of these afflictions suffered by his children. Accordingly, there have been disputes between the parents as to the type of care that is needed, the extent of such care and developmental programs and the provision of auxiliary services required to help maintain these children in the home and in the Clinton School system where they have been in recent years.
Particularly in connection with Mary, the plaintiff has struggled extensively and successfully and through her lone efforts she has been able to acquire a reasonably optimal program for Mary in the school system, aided and abetted by some home care aide assistance provided by the Department of Mental Retardation and the Clinton School system. Mary is a child that requires almost 24 hour per day care. From her testimony and that of the home aide along with the court's observations of her appearance in court, it is concluded that the mother has an exhaustive CT Page 9171 daily schedule in providing for these two children. The father has been very timidly and peripherally involved, and is not considered a significant factor by this court in the rearing of these two children at this time. In addition, down through the years the father has insisted that the mother obtain some out of the home employment in order to contribute to the family income. The defendant-father has never been fully employed. He is a college graduate and his main source of employment over the years has been seasonally as an oil truck driver working not more than 3 days per week. He has earned some little bit of income umpiring baseball games and has apparent delusions of grandeur in connection with his authorship of a couple of books and is privately having them published through the grant or contributions of his own father. This court concludes that it is absolutely necessary for him to obtain full time, full week employment and the court concludes and will base its order or support on the estimated earning capacity of the husband in the amount of $800.00 per week.
Since the mother is the only reasonably predictable and available parent to care for these children and the constant arguing and/or failure of the husband to recognize the ongoing permanent needs of these children, this court declines to award joint custody. An order is entered granting the mother the sole custody of the two minor children with all decision-making authority for the reasonably necessary programs and services to accommodate the various needs of these two disabled children. Reasonable liberal rights of visitation, in state, are granted to the father, in the furtherance of the hoped-for concept that he would be able to cultivate an ongoing and substantial part in the care and rearing of these children in the in-home setting.
The only real asset owned by the parties is the residence premises on Brickyard Road in Clinton which the court finds to have a value of $124,000.00. The acquisition of this property was based on a gift to the parties from the paternal grandparents in the amount of $100,000.00, a gift from the maternal grandparents in the amount of $10,000.00 and $14,000.00 of the plaintiffs and defendant's funds that furnished the balance of the purchase price of the home. Accordingly today, the home is free and clear of all encumbrances except local taxes and/or any other lien charges that may exist. The court recognizes and understands that there is a civil lawsuit pending that was brought by the paternal grandfather, Ralph Massaro, 485 Mineola Blvd., Williston Park, New York, against the plaintiff and the defendant. In said suit, the grandfather claims that he is owed a debt of $100,000.00 and is entitled to a mortgage or imposition of a constructive trust upon the property in order to secure the repayment of the money he loaned to the parties to acquire this property. He also has another claim for some extraneous amount of money that he claims he gave to them which should be reimbursed. This CT Page 9172 court has specifically declined to rule on the merits of this lawsuit and the parties were so notified at the outset of the trial. Insofar as this court is concerned in connection with this litigation, the evidence presented to this court provides adequate foundation for the court to conclude herein that the plaintiff and the defendant are at present, the owners are fee simple of these premises, and that said premises are not subject to any lien or mortgage in favor of any third party.
As noted, in said grandfather lawsuit (Docket No. CV00-0090901 Judicial District of Middlesex), the mother herein has appeared by counsel and is defending said lawsuit. The father herein has failed to file pleadings and is allowing the case, apparently, to go into default against his interests.
In connection with the residential premises, the court enters an order that all the right, title and interests of the defendant into said premises be conveyed, set over and assigned to the plaintiff to be hers absolutely subject to the subsequent orders herein. For so long as the plaintiff herein shall maintain this home or successor premises as a residence for Mary and/or Scott, she shall have the right to exclusive dominion, title and control over said real estate. If Ralph Massaro, the grandfather, is successful in his lawsuit against the plaintiff and defendant herein, the defendant is ordered to hold the plaintiff harmless and to pay on his and/or her behalf any judgment that may be rendered against them under said grandfather's lawsuit.
If the grandfather lawsuit is unsuccessful, in that event, when the home or successor premises shall fail to be used as a primary residence for Mary or Scott, the disabled children, during or after minority, within two years of said date she shall pay to the defendant-father the sum of $50,000.00 representing a future property distribution order for his benefit. This distribution shall also apply if the defendant-father is required and does in fact hold her harmless for any judgment in the grandfather lawsuit.
In addition, the defendant shall pay a reasonable attorney's fee incurred by the plaintiff in connection with her defense of the grandfather lawsuit and any appeal therefrom.
The defendant herein is enjoined from accepting or benefitting [benefiting] from any distribution of funds or estate from his parents unless the proceeds therefrom are used to satisfy any or all of his obligations created under the judgment herein. Said injunction shall apply to any transfer contemplated or made by either of his parents and/or their agents, heirs, successors or assigns, either directly to or to any third party creating a beneficial interest in the defendant. CT Page 9173
The defendant herein shall pay to the plaintiff guideline support based upon his earning capacity of $800.00 a week and contributing to the plaintiff herein zero ($0) income or earning capacity for so long as she remains the principal caretaker of Mary and/or Scott. Said support order accordingly shall be in the amount of $300.00 a week for both children payable directly to the mother under a contingent wage withholding order.
The defendant is to maintain reasonable health insurance for the benefit of the minor children and the defendant and plaintiff shall share equally the expenses of any reasonably necessary program for the development of the children and any uninsured reasonable health expenses.
The deviations from the guidelines filed herein are based upon imputed earning capacity to defendant.
Further, the defendant is ordered to satisfy the debt owed to the Social Security Administration, which was occasioned by their determination that the plaintiff and the defendant were the owners of certain assets, the ownership of which was never known by the plaintiff.
He is further ordered to take reasonable steps to remove asset control from his name and/or the plaintiffs name in order to reinstate the eligibility of these two children for supplemental Social Security benefits. Said benefits, when and if they become payable, shall be payable to the plaintiff herein for the benefit of the children.
All household contents are set over and assigned to be the plaintiffs sole property.
In connection with the various stock holdings and/or treasury bonds or notes, this court was not presented with sufficient evidence for it to conclude that recognizable ownership interests were created in these parties.
The defendant shall maintain the existing $100,000.00 life insurance benefits naming the plaintiff as the beneficiary therein until the children attain the age of majority.
Any other accounts or funds, IRAs or checking accounts listed on the financial affidavit of the party are assigned to the party on who's affidavit they are claimed, i.e., defendant shall retain his $6,000.00 IRA and the plaintiff shall retain her $20,000.00 TIAA account.
The defendant is ordered within six months to contribute and to pay to CT Page 9174 the attorney for the plaintiff the sum of $2,000.00 as a partial allowance to prosecute this action. In view of the orders here and entered, the court declines to award alimony to either party.
In entering the orders in this judgment, the court has recognized the inherent viability and desirability of maintaining these two children in their present residence within the Clinton School system, because of the programs in place as a result of the substantial solo efforts of the plaintiff mother.
A decree is entered dissolving the marriage.
It is so ordered.
Higgins, J.